The Honorable Doug Wood State Representative P.O. Box 7078 Sherwood, Arkansas 72116
Dear Representative Wood:
This is in response to your request for an opinion on the following questions:
 In the juvenile court system, for cases of dependent abuse or dependent neglect, are the tape recordings made by the court reporter subject to the Freedom of Information Act and accessible by any party to these actions? Certainly, transcriptions are available for a fee, but are the audio tapes themselves subject to inspection and/or copying by a defendant or party? If so, what would be the usual and customary charge for a copy of the audio tape?
Your first question has two parts: 1) Whether such tape recordings are "subject" to the Arkansas Freedom of Information Act ("FOIA") A.C.A. §§25-19-101 to -107, and 2) whether they are "accessible" by any party to the court proceedings. It is my opinion, in response to the first part of this question, that the tape recordings are "subject" to the FOIA, in that they meet the definition of "public records" under that act.[1]
"Public records" for purposes of the FOIA, include "writings, recorded sounds, films, tapes or data compilations in any form . . . which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee. . . ." Such tapes are thus subject to inspection and copying under the FOIA unless an exemption operates to exclude them from disclosure. It has been stated that an agency that maintains a record in different forms must ordinarily make it available in the one desired by the requester. See Watkins, The Arkansas Freedom of Information Act (m m Press 2d ed. 1994) at 69-70. Thus, if the tape itself is not exempted by the FOIA or some other law, it generally must be available for copying by a citizen of Arkansas.
The FOIA, however, expressly exempts documents which are protected from disclosure by order or rule of court. See A.C.A. § 25-19-105(b)(8) (Supp. 1993). The FOIA also contains a "catchall" exemption which exempts documents which are shielded by any "[law] specifically enacted" to provide for exemption. There is such a statute relating to juvenile proceedings. Section 9-27-352 of the Arkansas Code provides that:
 (a) Records of the arrest of a juvenile, the detention of a juvenile, and of proceedings under this subchapter shall be confidential and shall not be subject to disclosure under the Arkansas Freedom of Information Act, § 25-19-101 et seq., unless:
(1) Authorized by a written order of the juvenile court; or
 (2) The arrest or the proceedings under this subchapter result in the juvenile being formally charged in circuit court for a felony.
Thus, in the types of cases to which you refer, dependent abuse or dependent neglect, which are "proceedings under . . . subchapter [27 of title 9]," the records are confidential unless the court authorizes disclosure by written order.[2] If no such order has been entered, no one, not even a party to the proceedings, has any right to access or copy information by virtue of the FOIA. The right of a party to access the information will generally be subject to the oversight of the juvenile court. If no written order has been entered by the court nullifying the confidentiality provisions of A.C.A. § 9-27-352, and thus the tape is not accessible under the FOIA, I can find no statutory requirement that a party or any other citizen be allowed to copy the tape. A party's right to access the tape or a transcription of a proceeding will be governed by applicable discovery rules, subject to the orders of the court, but will not be governed by the provisions of the FOIA in such instance.
If, in a given case, a written order has been entered by a court making the tape disclosable under the FOIA, it is my opinion that generally, the requester of the information is under the responsibility to provide copy equipment to make the copy. Should the court reporter wish to provide a copy, however, and charge a fee therefor, it is my opinion that the fee should be "reasonably related" to the cost of copying, which would include the cost of the blank tape and any wear and tear on equipment.See generally Op. Att'y Gen. 94-282. The court reporter should not charge any fee under the FOIA for his or her time in making the copy. See Op. Att'y Gen. 88-354.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] As we shall see, however, they may be eligible for an exemption from disclosure.
[2] See also A.C.A. § 9-27-309(a), stating that "[a]ll records may be closed and confidential within the discretion of the court. . . ."